UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WILLIAM JONES, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:17CV829-PPS |
| | ) | |
| BRIOCHE AND MAYO, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Under the pseudonym "Billy Jay," plaintiff William Jones wrote a screenplay entitled "Zone 15," which he then sold to defendant Brioche and Mayo, LLC. Jones tells me in his complaint that in exchange for "the rights to produce and exhibit a motion picture based on said screenplay," he received $250 and "an express guarantee that he would be properly credited as an associate producer as part of the film credits and in any paid advertisements." [DE 7 at ¶4.] After the movie was produced and released, Jones came to believe that Brioche and Mayo failed to live up to their end of the bargain. The crux of Jones' complaint is that Brioche and Mayo failed to comply with the promise to credit him has an associate producer. He also takes issue with the veracity of Brioche and Mayo's information campaign suggesting that the movie was written by military veterans (which he is not). Jones also contends that he wasn't paid for the final screenplay rewrite as promised and was not credited as an associate producer on the film.

If all of these beefs sound like they arise out of state law, it's because they do. And indeed, Jones originally filed the case in the Circuit Court of St. Joseph County, Indiana alleging three counts. The first is a breach of contract claim. [DE 7 at 2.] The second is a claim of intentional infliction of emotional distress. [*Id.* at 3.] Count III is a claim for unjust enrichment. [*Id.* at 4.] Brioche and Mayo removed the case to this court. They say that Count III of the amended complaint — the unjust enrichment claim — is really a copyright claim dressed up to look like something else. [DE 1 at ¶7.] Asserting that the Copyright Act completely preempts the unjust enrichment claim, Brioche and Mayo contend that removal of the case to federal court is supported by federal question jurisdiction over Count III, and that the court has supplemental jurisdiction over the two other state law claims. [*Id.* at ¶¶9, 21.] The case was not removed on diversity grounds and the plaintiff's amended complaint specifically says he is not seeking damages of more than $75,000 in any event. [DE at ¶9.]

Federal preemption generally is based on the Supremacy Clause of the United States Constitution declaring that the federal Constitution and laws are "the Supreme Law of the land." U.S. Const., art. VI, cl. 2. There are three ways that a federal law can preempt state and local law:

> Express preemption occurs when a federal statute explicitly states that it overrides state or local law. Conflict preemption exists if it would be impossible for a party to comply with both local and federal requirements or where local law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." ... Field preemption occurs when federal law so thoroughly "occupies a legislative

2

field" as to make it reasonable to infer that Congress left no room for the states to act.

*Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 696 (7th Cir. 2005) (internal citations omitted).

The preemptive authority of the federal Copyright Act derives from 17 U.S.C. §301(a):

> [A]ll legal or equitable rights *that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106* in works of authorship that are fixed in a tangible medium of expression and *come within the subject matter of copyright as specified by sections 102 and 103*, whether...published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

(Emphasis added.) Section 102 extends federal copyright protection to original works of authorship including literary works, dramatic works, motion pictures and other audiovisual works. Section 103 explains that the scope of Section 102 includes compilations and derivative works. Section 106 of the Copyright Act lists the owner of copyright's exclusive rights, namely to reproduce the copyrighted work, to prepare derivative works, to distribute copies to the public, and in the case of literary works including motion pictures, to perform or display the work publicly.

The preemption of state causes of action by federal law does not always support removal based on federal question jurisdiction. For example, "conflict preemption does not provide an independent basis for federal jurisdiction/removal." *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare Trust Fund*, 538 F.3d 594, 601

3

(7th Cir. 2008). Likewise, express preemption clauses do not necessarily support removal to federal court. *See*, *e.g.*, *Lehmann v. Brown*, 230 F.3d 916, 919 (7th Cir. 2000) (ERISA premption provision 29 U.S.C. §1144(a) does not support removal to federal court). Setting aside field preemption, when federal preemption is raised as a defense to a state law claim it does not itself confer federal question jurisdiction. *Wisconsin Interscholastic Athletic Ass'n v. Gannett Co., Inc.*, 658 F.3d 614, 620 (7th Cir. 2011); *Atchley v. Heritage Cable Vision Associates*, 101 F.3d 495, 498 (7th Cir. 1996). In other words, if the preemption language in the Copyright Act is deemed to be merely conflict preemption or express preemption, which provides a defense to the state claim but does not convert it into a federal claim under the Copyright Act, then preemption would not support removal from state court on the basis of federal question jurisdiction. This is because the "federal question must be part of the plaintiff's well-pleaded complaint; jurisdiction may not be 'predicated on an actual or anticipated defense.'" *WIAA*, 658 F.3d at 619 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

Field preemption, which is often called complete preemption, is a horse of a different color. Where field preemption applies, Congress has so completely displaced state law that a state claim in the area "is characterized from its inception as…arising under the federal law." *Atchley*, 101 F.3d at 498 (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Several circuits have held that the Copyright Act's preemption provision in §301(a) completely preempts the substantive field, so that where it applies, "it converts an ordinary state common-law complaint into one stating a federal claim

4

for purposes of the well-pleaded complaint rule," including for purposes of federal question removal to federal court. *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 593-94 (5th Cir. 2015). Brioche and Mayo rely on such cases here, including *Ritchie v. Williams*, 395 F.3d 283, 287-89 (6th Cir. 2005), *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303-06 (2nd Cir. 2004), and *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 230-33 (4th Cir. 1993). [DE 16 at 3-4.]

But our Court of Appeals has expressed skepticism. Citing those same decisions by the Sixth, Second and Fourth Circuits finding so-called complete preemption by the Copyright Act, the Seventh Circuit has said "[w]e are not so certain," citing contrary authorities. *WIAA*, 658 F.3d at 620. But further analysis of the issue was not necessary to the decision, and the *WIAA* case did not explore it further. Since that decision in 2011, I have been unable to locate any other Seventh Circuit opinion that addresses the issue. But I think it is fair to say that if the Seventh Circuit persisted in its skepticism, it would deem it error for this court to uphold Brioche and Mayo's removal of Jones's action based on what was pled as an unjust enrichment claim. In other words, if the copyright preemption is merely a defense to the claim, the federal character of "ordinary" preemption would not convert the state law claim into one under federal law supporting federal question removal. *WIAA*, 658 F.3d at 620.

But let's suppose that the Copyright Act preemption is of the "complete" variety that supports federal question removal. I still would have to decide whether it applies to the facts of this case as alleged in Count III of the amended complaint — the unjust

5

enrichment count. A two-pronged test, derived from the language of §301(a), is used to determine whether a state law claim is preempted by the Copyright Act. The first question is whether the claim involves a work that is fixed in tangible form and within the subject matter of copyright as specified by §102 and §103? *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011). The parties do not dispute that this prong is satisfied.[1] The second question is whether the claim seeks to protect rights that are "equivalent to" any of the exclusive rights granted by federal copyright law in §106? *Id*. The Seventh Circuit has summarized these rights as "reproduction, adaptation, publication, performance, and display" of the copyrighted work. *Toney*, 406 F.3d at 909.

Not every state law claim touching upon copyrighted material, such as the screenplay at issue here, meets the second prong of this test. For instance, it is widely acknowledged that "[a] contract dispute about who owns a particular copyright does not give rise to jurisdiction," because it does not assert a claim of infringement or seek any relief provided by the Copyright Act. *WIAA*, 658 F.3d at 619; *Nova Design Build, Inc. v. Grace Hotels, LLC*, 652 F.3d 814, 816 (7th Cir. 2011). *See also Utopia Provider Sys., Inc. v. Pro–Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1327 & n. 26 (11th Cir. 2010); *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1324 (Fed.Cir. 2003); *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1318 (11th Cir. 2001); *ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1455 (7th Cir.

---

[1] Jones points out that neither his amended complaint nor the notice of removal alleges that he owns a copyright registration for the screenplay. But the Seventh Circuit has observed that "state laws that intrude on the domain of copyright are preempted even if the particular expression is neither copyrighted nor copyrightable." *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 911 (7th Cir. 2005).

1996); *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 431 (8th Cir. 1993); *Taquino v. Teledyne Monarch Rubber,* 893 F.2d 1488, 1501 (5th Cir. 1990).

The preemption analysis requires examination of the allegations and elements of the unjust enrichment claim. "The elements of an unjust enrichment claim alone do not render such a claim preempted," and the court instead "'focuses on the factual basis underlying the claims'" to determine whether the particular unjust enrichment claim differs qualitatively from a copyright claim. *Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595 JD, 2017 WL 3608219, at *3 (N.D. Ind. Aug. 22, 2017) (quoting *Stephen & Hayes Constr., Inc. v. Meadowbrook Homes, Inc.*, 988 F.Supp. 1194, 1200 (N.D. Ill. 1998)). Count III is premised on Jones' factual allegations that he was not fully compensated because Brioche and Mayo did not pay him additional money as promised for the final rewrite of the script and because Jones was not credited as an associate producer as agreed. [DE 7 at 4-5.] The legal theory for relief on Count III is Jones' assertion that "[i]t is [in]equitable and unconscionable for Defendant to benefit from the Plaintiff's work without complete payment or proper complete credit." [DE 7 at ¶36.] If this case has anything to do with copyright, it's certainly not clear from the explicit language of the amended complaint.

"[T]o avoid preemption, a state law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law – i.e., conduct other than reproduction, adaptation, publication, performance, and display." *Toney*, 406 F.3d at 910. Here, the unjust enrichment claim has nothing to do with whether the movie script

7

was copyrighted, or the exclusive rights that would belong to the copyright owner. It focuses instead on the compensation Jones alleges he was promised, not on any challenge to Brioche and Mayo's reproduction, adaptation, publication or performance of the screenplay. In that respect, the unjust enrichment claim differs from the one found to be preempted in *Art of Design*, the theory for which was the defendants' reproducing plaintiff's designs and preparing derivative works, rather than "labor and services," as here. *Art of Design*, 2017 WL 3608219 at *3.

Under Indiana law, there are three elements to a claim of unjust enrichment: "(1) a benefit conferred upon another at the express or implied request of this other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Woodruff v Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012). *See also Brueck v. John Maneely Co., Inc.*, 131 F.Supp.3d 774, 781 (N.D.Ind. 2015). The Indiana Supreme Court has referred to unjust enrichment as the same "common-law remedy" as quantum meruit and quasi-contract, all designed to provide an equitable recovery where a formal contract did not exist but there was nonetheless a quid pro quo between the parties: "a legal fiction invented by the common-law courts in order to permit a recovery...where, in fact, there is no contract, but where the circumstances are such that under the law of natural and immutable justice there should be a recovery as though there had been a promise." *Woodruff*, 964 N.E.2d at 791, quoting *Clark v. Peoples Sav. & Loan Ass'n*, 46 N.E.2d 681, 682 (1943).

8

But despite the "unjust enrichment" label, Count III expressly pleads an agreed-upon exchange of promise for performance – specifically Brioche and Mayo's agreement to pay Jones $250 and credit him as an associate producer in exchange for Jones's drafting of the original script, and Brioche and May's promise to pay additional money if Jones would perform the final rewrite of the script. [DE 7 at ¶¶26, 27.] These allegations suggest the existence of a contractual relationship, whether as an express contract or as an implied-in-fact contract, which arises when circumstances or acts demonstrate a mutual intention to contract. *City of Indianapolis v. Twin Lakes Enterprises, Inc.*, 568 N.E.2d 1073, 1078 (Ind.Ct.App. 1991).

And a "promise to pay" has been identified as a feature of a claim that distinguishes it from copyright so as to preclude preemption. In *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446 (6th Cir. 2001), the Sixth Circuit held that "[t]he gist of appellants' state law implied-in-fact contract claim is breach of an actual promise to pay for appellants' creative work. It is not the use of the work alone but the failure to pay for it that violates the contract and gives rise to the right to recover damages." *Wrench*, 256 F.3d at 456. The "extra element" of "the promise to pay" was found to "change the nature of the action so that it is qualitatively different from a copyright infringement claim," and so not preempted. *Id*.

In *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424 (2nd Cir. 2012), the Second Circuit engaged in a similar analysis, distinguishing contract claims from claims of contracts implied-in-law, such as unjust enrichment, which do not

9

require an allegation of an actual agreement between the parties. *Id.* at 432. But here, Jones *does* allege both the existence of an agreement and the breach of promises made as the basis for his unjust enrichment claim. The promise to pay was found in *Forest Park Pictures* to introduce an element beyond the Copyright Act and to preclude preemption. *Id.* at 433.

The particular allegations of Count III sufficiently liken it to a claim of breach of contract that I conclude Copyright Act preemption is not applicable. "First, the Copyright Act does not provide an express right for the copyright owner to receive payment for the use of a work." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 431 (2nd Cir. 2012). "Second, a plaintiff suing for failure to pay under a contract must prove extra elements beyond use or copying, including mutual assent and valid consideration. Third, a breach of contract claim asserts rights only against the contractual counterparty, not the public at large." *Id.* Because Count III seeks compensation for services rather than disputes any infringement of copyright protections in the screenplay, it is *not* a claim that "essentially boil[s] down to copyright infringement." *Art of Design*, 2017 WL 3608219, at *3.

The Seventh Circuit has recognized that "private contracts are generally of a different scope than copyright protection because '[a] copyright is a right against the world. Contracts by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create "exclusive rights."'" *Krueger v. TradeGuider Systems, LLC*, No. 07 C 6261, 2007 WL 4219194, at *2 (N.D. Ill. 2007) (quoting *ProCD, Inc.*

*v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir. 1996)). A determination that a party's "requests for relief stem from a violation of his contractual rights, not from his 'exclusive rights' as against the world," means there is no copyright preemption. *Krueger*, 2007 WL 4219194, at *4.

Putting this all together, I conclude that Count III is not preempted by the Copyright Act. Jones does not dispute that Brioche and Mayo contracted for rights of the sort governed by §106 with respect to his screenplay for "Zone 15." In fact, his amended complaint clearly arises from that contractual relationship. But rather than assert any rights concerning the reproduction, adaptation, publication, performance or display of the screenplay, Count III asserts rights to particular compensation agreed to, namely additional pay for the final rewrite and an associate producer credit. The basis of the claim being compensation and the promise to pay differentiates Count III from the law of copyright. So even if the Copyright Act is a source of complete preemption, it does not apply to Count III, because quite simply it doesn't have anything to do with the copyright. If the Copyright Act's preemption clause only gives rise to "ordinary" preemption, Brioche and Mayo's pleading of it as a defense does not support federal question removal at all. In either event, this case is subject to remand. The motion will be granted and the case returned to St. Joseph County.

There's one other issue, and it involves attorney's fees. Jones seeks an award of attorney's fees, arguing that under 28 U.S.C. §1447(c) and Seventh Circuit precedent, that he is presumptively entitled to attorney's fees if his motion is granted. [DE 14 at 8.]

This is incorrect. Section 1447 gives me discretion to award attorney's fees to a party whose motion to remand is successful. In *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005), the Supreme Court held that the statutory language creates no strong presumption in favor of such an award or against it. *Id*. at 137-38. Instead, the standard that governs a fee award under §1447 is that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141.

So Jones is wrong when he repeatedly says that there is a presumptive entitlement to a fee award for a successful motion to remand. Instead, Jones must demonstrate that Brioche and Mayo "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. Although I ultimately disagree with Brioche and Mayo's contention that complete preemption by the Copyright Act makes this case removable, I do not find that the contention lacks an objectively reasonable basis. Let's be honest about it; the law governing preemption is a bit murky. Brioche and Mayo's reasoning found support in the number of Courts of Appeal who are persuaded that the Copyright Act creates "field" preemption. As to the application of copyright preemption to the particular claim in this case, the argument, though not ultimately successful, was not objectively *un*reasonable, given the factual background of the parties' dispute concerning the transfer of rights in a screenplay. Because Jones fails to demonstrate that Brioche and Mayo's removal rationale lacked an objectively

reasonable basis or that other unusual circumstances exist to support an award of attorney's fees under §1447(c), the request for fees will be denied.

**ACCORDINGLY:**

Plaintiff William Jones' motion to remand [DE 14] is GRANTED IN PART, as to remand of the case to state court. The motion is DENIED IN PART, as to the request for an award of attorney's fees pursuant to 28 U.S.C. §1447(c).

This action is REMANDED to the St. Joseph County Circuit Court.

**SO ORDERED**.

ENTERED: May 24, 2018.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**